UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DONNELLE WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-238 |
| | ) | |
| WARDEN BROOKS | ) | |
| BENTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The Court previously recommended that *pro se* plaintiff Donnelle Wilkerson's Complaint be dismissed because he failed to timely return the forms required to proceed *in forma pauperis*. *See* doc. 5. The Court vacated that recommendation when Wilkerson filed a notice of a change of his address. *See* doc. 7. That Order directed him to return the forms by no later than November 21, 2022. *See id.* at 1-2. That deadline has passed and Wilkerson has not returned the required forms. *See generally* docket. Moreover, the Court's Order, which was sent to his updated address, has been returned as undeliverable. *See* doc. 9.

Given that the Court's Order was returned, it appears that Wilkerson has failed to keep the Court apprised of his current valid

1

address,[1] in violation of the Court's Local Rules.  *See* S.D. Ga. L. Civ. R. 11.1 ("Each attorney and *pro se* litigant has a continuing obligation to apprise the Court of any address change.").  This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders.  *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).  Wilkerson's failure to comply with the Court's Rules and its Order to return the required forms provides a sufficient reason to dismiss his Complaint.

Accordingly, Wilkerson's Complaint should be **DISMISSED**.  *See, e.g.,* Fed. R. Civ. P. 41(b).  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of

---

[1] The envelope containing the Order is stamped "Return to Sender Not Acceptable." *See* doc. 9 at 1.

service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 29th day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA